O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUE VUE,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY BEARD, SECRETARY OF PRISONS, CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>    Respondent. | Case No. ED CV 15-00165 VBF (JCG)<br><br>**ORDER**<br><br>Overruling Petitioner's Objections, Adopting the R&R, Dismissing Habeas Petition With Prejudice as Untimely;<br><br>Denying an Evidentiary Hearing;<br><br>Denying a Certificate of Appealability |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the habeas corpus petition (Document ("Doc")) 1, the Magistrate Judge's Report and Recommendation (Doc 5) ("R&R"), petitioner's timely objections to the R&R (Doc 5)[1], the remaining record, and

---

[1] "Federal Rule of Civil Procedure 72(b)(2) expressly authorizes parties to respond to an adversary's objections to a Magistrate Judge's R&R" within 14 days after being served with a copy of those objections. *See Ismail v. Ford*, 2014 WL 1681993, *1 n.2 (C.D. Cal. Apr. 29, 2014). Respondent was deemed served with the objections when petitioner's counsel e-filed them on Tuesday, March 24, 2015, *see* C.D. Cal. LCivR 5-3.2.1 (Service of Documents Filed Electronically - Service). Respondent's fourteen-day response period began running the next day, Wednesday, March 25, 2015, and continued to run on every calendar day, including weekends. *See* Fed. R. Civ. P. 6(a)(1)(A) and (B). Accordingly, respondent had the right to e-file a response to the objections no later than midnight on Tuesday, April 7, 2015. *See* C.D. Cal. LCivR LCivR 5.4-1. The Court waited until that deadline was well past before ruling.

the applicable law, and has made a *de novo* determination. Petitioner's objections generally lack merit for the reasons set forth in the R&R. There are two issues, however, that warrant brief amplification here.

First, in his Objections at 4-5, petitioner argues that for purposes of calculating the federal filing limitation period under AEDPA, his conviction became final not 60 days after his sentencing, but 60 days after the denial of his motion to withdraw his plea.

**Preliminarily, Petitioner is mistaken as to when his conviction became final for AEDPA purposes.** *See, e.g., Titus v. LeGrand*, 2014 WL 880905, at *3-4 (D. Nev. Mar. 5, 2014) (where petitioner pled guilty and was sentenced, and later lost a motion to withdraw his plea, his conviction became final for AEDPA purposes upon the expiration of the time to file a direct appeal, or 30 days after the entry of his plea, sentence, and judgment of conviction). In other words, because Petitioner pled guilty and was sentenced on September 29, 2011, the Magistrate Judge correctly found that Petitioner's conviction became final on November 28, 2011, and that his AEDPA filing deadline expired on November 28, 2012. *See* Pet. at 2, 11-14; *see also* 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final either "by the conclusion of direct review or the expiration of the time for seeking such review"); Cal. R. Ct. 8.308(a) ("a notice of appeal . . . must be filed within 60 days after the rendition of the judgment . . ."); *Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (where petitioner does not appeal, "his conviction bec[omes] final . . . 60 days after the judgment of conviction").

**Moreover, even if the Court *were* to use the starting date proposed by Petitioner – 60 days after January 6, 2012, when his plea-withdrawal motion was denied – his Petition would *still* be untimely.** *See* Objections at 5; *see also* 28 U.S.C. § 2244(d)(1)(A). That is, even if his conviction was not final until March 6, 2012, then 365 untolled days would have passed before he filed his first state habeas petition on March 6, 2013. (Pet. Ex A) Thus, while Petitioner would have been entitled to statutory tolling during the pendency of his state habeas petitions, his federal petition would have been due *just one day after* completion of state collateral review. *See* 28 U.S.C.

§ 2244(d)(1)-(2); *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). Notably, Petitioner's third and final state habeas petition was denied on March 26, 2014, yet Petitioner did not file this petition until *nearly ten months later*, on January 20, 2015. (Pet. at 3-5, 8; Pet. Ex C) As such, statutory tolling does not render the petition timely.

**Second, Petitioner objects that he is entitled to equitable tolling, but his argument is unpersuasive.** (Objections at 5-6.) As a rule, AEDPA's limitation period is subject to equitable tolling only if Petitioner can show that (1) he pursued his rights diligently and (2) an "extraordinary circumstance prevented timely filing." *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir.), *cert. denied sub nom. Yeh v. Biter*, 83 U.S.L.W. 3286, – U.S. –, 135 S. Ct. 486 (2014). Simply put, the threshold for triggering equitable tolling is exceedingly high. *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010).

Here, Petitioner asks the Court "to acknowledge Petitioner's belief in his proper timeline as an extraordinary circumstance." (Objections at 6.) However, Petitioner's confusion regarding legal deadlines does not constitute an "extraordinary circumstance" that would "make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (citation omitted); *see also Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Gazzeny v. Yates*, 2009 WL 294199, at *5 (C.D. Cal. Feb. 4, 2009) ("A prisoner's . . . ignorance of the law do[es] not constitute [an] extraordinary circumstance[.]"); *Singletary v. Newland*, 2001 WL 1220738, at *2 (N.D. Cal. Sept. 28, 2001) ("A misunderstanding of the complexities of federal habeas relief is not considered an extraordinary circumstance[.]").

Thus, he is not entitled to any equitable tolling, and the petition remains untimely.

Additionally, petitioner has not shown that he is entitled to a certificate of appealability ("COA"). For the reasons set forth in the R&R, the Court finds that petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the

petition states a valid claim of the denial of a constitutional right"; *and* (2) that "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595 (2000). The Court is mindful that it "must resolve doubts about the propriety of a COA in the petitioner's favor", *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here.

Finally, petitioner is not entitled to an evidentiary hearing. AEDPA "requires an examination of the state court-decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court." *Cullen v. Pinholster*, – U.S. –, –, 131 S. Ct. 1388, 1398 (2011).

"*Moreover, an evidentiary hearing is not warranted where, as here, 'the record* refutes the applicant's factual allegations or otherwise *precludes habeas relief*.'" *Romero v. Lewis*, 2013 WL 2177885, *20 (C.D. Cal. May 17, 2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940 (2007)) (emphasis added). The record here precludes habeas relief pursuant to 28 U.S.C. § 2254, because it clearly shows that petitioner has failed to justify equitable tolling and has failed to comply with the AEDPA limitations period governing these claims. Our Circuit holds that when a habeas claim is facing dismissal as untimely, the "habeas petitioner is entitled to an evidentiary hearing when the petitioner 'makes a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Daly v. Knipp*, 585 F. App'x 647, 648 (9th Cir. 2014) (quoting *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006)). While petitioner Vue may have made a good-faith allegation about his misunderstanding of the AEDPA limitations period, he is not entitled to equitable tolling even if the Court credits his allegation as true, as explained in the R&R. *See Robinson v. Neven*, 584 F. App'x 801, 802 (9th Cir. 2014) ("[B]ecause Robinson has not alleged facts that would entitle him to equitable tolling, it was not an abuse of discretion for the district court to decline to order an evidentiary hearing.").

4

## ORDER

Petitioner Vue's objection **[Doc # 8] is OVERRULED.**

The Report and Recommendation **[Doc #5] is ADOPTED.**

This action is **DISMISSED with prejudice** as untimely.

A Certificate of Appealability is **DENIED**.

If petitioner wishes to appeal, he must obtain a certificate of appealability from the United States Court of Appeals for the Ninth Circuit. *See De Adams v. Hedgpeth*, 2015 WL 114163, *10 (C.D. Cal. Jan. 7, 2015) ("'If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.'") (quoting Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 Habeas Proceedings in the U.S. District Courts).

As required by Fed. R. Civ. P. 58(a), final judgment will be entered by separate document. *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013).[2]

DATED: May 4, 2015

*Valerie Baker Fairbank*

HON. VALERIE BAKER FAIRBANK
Senior United States District Judge

---

[2] "'To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims.'" *Elkins v. Foulkes*, 2014 WL 2615732, *14 n.4 (C.D. Cal. June 12, 2014) (quoting *Daley v. USAO*, 538 F. App'x 142, 143 (3d Cir. 2013) (per curiam)). "A combined document denominated an Order and Judgment, containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008).